## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

MING MAN and,                          Case No. 6:11-bk-13597-ABB
JENNY T. MAN                           Chapter 7

     Debtors.

_____/

KRAUS-ANDERSON CAPITAL, INC.,

     Plaintiff,                       Adv. Pro. No. 6:11-ap-00325-ABB

v.

MING MAN and JENNY T. MAN,

     Defendants.

_____/

### <u>MEMORANDUM OPINION</u>

This matter came before the Court on the Complaint (Doc. No. 1) filed in December 2011 by the Plaintiff Kraus-Anderson Capital, Inc. against the Defendants/Debtors Ming Man and Jenny T. Man seeking a nondischargeability determination pursuant to 11 U.S.C. Sections 523(a)(4) and (a)(6). The final evidentiary hearing was held on January 9, 2013 at which counsel for Plaintiff appeared. Debtors did not appear, in person or through counsel, despite having been served properly with Complaint and notice of the hearing.

Judgment is due to be entered in favor of Plaintiff for the reasons set forth herein. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, considering the testimony of Plaintiff's Vice President James S. Jarussi by affidavit, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

Debtors filed a joint petition for relief pursuant to Chapter 7 of the Bankruptcy Code on September 7, 2010. Debtors listed Plaintiff on their Schedule F as a creditor to which they owed a $372,757.00 unsecured nonpriority debt.

The Chapter 7 Trustee filed a report certifying this is a no-asset case in October 2011. Debtors were discharged on December 22, 2011.

Plaintiff filed its Complaint against Debtors on December 19, 2011. Debtors did not answer the Complaint or otherwise appear in this adversary proceeding. Counsel for Debtors in the main case informed the Court Debtors had chosen not to participate.[1]

### *Sales Out of Trust*

Plaintiff is a Minnesota corporation that provided floor plan financing for Florida Tractor & Equipment Inc.'s purchase of equipment beginning in 2003. The financing was provided pursuant to a loan agreement and dealer credit agreement. The equipment purchased with the floor plan financing was subject to security interests in favor of Plaintiff.

Defendants purchased Florida Tractor & Equipment, Inc. ("Florida Equipment") on January 24, 2005. The sale of Florida Equipment was made known to Plaintiff in February 2005, when Defendants took over management of the company.

Defendants sold an ASV skid loader, a piece of equipment in which Plaintiff had a security interest, in March of 2005 without paying sale proceeds to Plaintiff as required by the loan agreement and dealer credit agreement. Plaintiff did not discover this sale out of trust for two years, as the item continued to appear on the Florida Equipment inventory

---

[1] Plaintiff made a Motion for Default Judgment (Doc. No. 22) that was not ruled upon.

list prepared by Plaintiff based upon statements by Debtors contained in a collateral condition report. Debtors signed the collateral condition report, certifying its accuracy.

Defendants requested an increase in the credit line available to Florida Equipment in August and September 2005. Plaintiff still was unaware of Debtors' sale out of trust. Plaintiff reviewed and relied on the inaccurate financial records of Defendants and Florida Equipment, including the false collateral condition report, in agreeing to the credit increase.

Florida Equipment and Plaintiff entered into a new Dealer Credit Agreement on June 8, 2006 under which Plaintiff agreed to continue to provide floor plan financing to Florida Equipment. The new Dealer Credit Agreement required Defendants and Florida Equipment to turn over to Plaintiff the proceeds from the sale of equipment subject to Plaintiff's security interest within five days of the sale of any such asset.[2]  Plaintiff would not have entered into the new Dealer Credit Agreement in 2006 if it had known Defendants were falsifying inventory records.

Defendants continued to sell pieces of equipment subject to Plaintiff's security interest out of trust. Defendants sold seven pieces of equipment to two individuals who then resold them at auction in 2007. The auctioneer performs UCC searches when selling for equipment dealers but does not do so when selling for private individuals. Defendants' actions were calculated to avoid Plaintiff's security interest in the equipment.

Defendants sold a total of ten pieces of equipment out of trust. A list of equipment sold out of trust is set forth below:

---

[2] Defendants personally guaranteed Florida Equipment's obligations under all the agreements from the time they purchased the company.

| Model | Serial Number |
|-------|---------------|
| RC-60 | RSR00599 |
| RC-60 | RSE00959 |
| RC-85 | RSF00446 |
| RC-85 | RSF00450 |
| RC-50 | RSC01875 |
| RC-60 | RSE01211 |
| RC-85 | RSF00735 |
| RC-85 | RSF00736 |
| RC-60 | RSE01442 |
| RC-50 | RSC02019 |

Defendants did not turn over the proceeds of the sales of the above equipment to Plaintiff.

Defendant Ming Man signed a Quicktrak audit report on September 7, 2007 that falsely stated several pieces of equipment were in possession of Florida Equipment or on rent and demonstration. Those pieces of equipment had been sold out of trust.

Plaintiff became aware of the sales out of trust over two years after they began when Plaintiff was contacted in November 2007 by a prior owner of Florida Equipment who recounted Defendants' actions.

The total amount of principal and interest owed to Plaintiff on the ten pieces of equipment sold out of trust is $184,651.89. Plaintiff incurred legal fees in the amount of $33,323.73 and transport and repair costs of $20,917.55 associated with these sales. The total damage Plaintiff suffered as a result of Defendants' sales out of trust is $238,893.17. Plaintiff seeks a determination this pre-petition debt is nondischargeable pursuant to 11 U.S.C. Section 523(a)(4) and (a)(6).

4

Defendants' sales out of trust constitute embezzlement. Defendants falsely promised to pay Plaintiff proceeds of the sales of equipment financed pursuant to the loan agreement and dealer credit agreement. They fraudulently retained for themselves the proceeds of sales of ten pieces of equipment subject to Plaintiff's security interest despite knowing the monies were rightfully due Plaintiff. Defendants falsified inventory records to conceal their theft. They devised a scheme to fraudulently avoid Plaintiff's security interest by selling seven pieces of equipment through a third party at auction. These tortious actions were deliberate, intentional, and malicious and caused injury to the Plaintiff. Defendants intended the consequences of their actions.

## The State Court Judgment

Plaintiff filed a breach of contract suit against Florida Equipment and Defendants in 2008 and obtained a judgment on December 17, 2008 from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, for $365,792.94. Plaintiff seeks a determination this judgment plus interest, in addition to the $238,893.17 discussed above, is nondischargeable pursuant to 11 U.S.C. Section 523(a)(6).[3] Plaintiff presented no evidence of this debt other than the judgment itself.

The judgment is a pre-petition debt. It post-dates Plaintiff's knowledge of the out of trust sales and finds Florida Equipment and Defendants jointly and severally liable to Plaintiff for: breach of obligations arising out of promissory notes, prejudgment interest, and attorney's fees and costs.

---

[3] These allegations do not appear in the Complaint (Doc. No. 1). They are presented in the Affidavit of James Jarussi and the Plaintiff's Proposed Order for Judgment (Doc. No. 36).

Plaintiff did not establish the judgment represents a debt separate and apart from the almost $239,000.00 Plaintiff was damaged by Defendants' out of trust sales. The judgment does not indicate whether monies owed for out of trust sales are the basis for the breach of contract damages.

Plaintiff did not establish the judgment is a result of Defendants' willful and malicious acts intended to injure Plaintiff or Plaintiff's property. Plaintiff presented no evidence other than the judgment itself, which makes no findings regarding Defendants' intentions when they breached their contractual obligations. The judgment is a breach of contract judgment, not a tort judgment.

Plaintiff established the $238,893.17 debt it is owed by Defendants as a result of their sales out of trust is nondischargeable. Defendants falsely promised to turn over proceeds of equipment sales to Plaintiff. They then sold ten pieces of equipment out of trust, wrongfully retaining the proceeds, and attempted to conceal their tortious behavior by falsifying inventory records. Defendants deliberately, intentionally, and maliciously embarked upon a scheme to defraud Plaintiff and embezzle its funds, resulting in intended injury to the Plaintiff. The damage they caused is a nondischargeable debt.

## CONCLUSIONS OF LAW

The party objecting to the dischargeability of a debt pursuant to 11 U.S.C. Section 523(a) carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). Objections to discharge are to be

strictly construed against the creditor and liberally in favor of the debtor.  Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).

## 11 U.S.C. Section 523(a)(4)

Section 523(a)(4) of the Bankruptcy Code provides a debtor is not discharged from debts resulting from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).  Embezzlement and larceny constitute separate Section 524(a)(4) causes of action and do not require a finding of fiduciary capacity.  McDowell v. Stein, 415 B.R. 584, 594 (S.D. Fla. 2009).  A plaintiff, however, must establish fraud or fraudulent intent.  In re Kelley, 84 B.R. 225, 231 (Bankr. M.D. Fla. 1988).

Plaintiff pled and presented an embezzlement cause of action.  "Embezzlement" is defined for dischargeability purposes as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come."  In re Kelley, 84 B.R. at 231 (quoting Moore v. U.S., 160 U.S. 268, 269 (1895)).

## 11 U.S.C. Section 523(a)(6)

Section 523(a)(6) of the Bankruptcy Code provides any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. 11 U.S.C. § 523(a)(6).  Plaintiff must establish by a preponderance of the evidence Defendants:  (1) deliberately and intentionally; (2) injured Plaintiff or Plaintiff's property; by (3) a willful and malicious act.  In re Nofziger, 361 B.R. 236, 242 (Bankr. M.D. Fla. 2006).  Plaintiff must establish by a preponderance of the evidence the

injury was intentional — that Defendants intended the consequences of their acts. Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998).

"The established law is clear that a debtor must commit some type of intentional tort directed against the claimant or his property in order for a court to find that the resulting damages are nondischargeable." In re Nofziger, 361 B.R. at 243. "Breaches of contract 'fall far short of the standard for a viable claim under Section 523(a)(6).'" In re Al-Suleiman, 461 B.R. 893, 897 (Bankr. M.D. Fla. 2011) (quoting In re Huggins, 252 B.R. 567, 569 (Bankr. M.D. Fla. 2000).

### Sales Out of Trust

Plaintiff has established by a preponderance of the evidence each of the elements of 11 U.S.C. Sections 523(a)(4) and (a)(6) as to the $238,893.17 debt arising out of the sales out of trust.  Defendants committed embezzlement of monies rightfully due Plaintiff.  They falsely promised to pay Plaintiff proceeds from the sale of any equipment financed pursuant to the floor plan financing agreements.  They fraudulently retained for themselves the proceeds of sales of ten pieces of equipment subject to Plaintiff's security interest.  They concocted a scheme to avoid Plaintiff's security interests by selling equipment through a third party at auction and falsified inventory records to conceal their theft.  Their actions were deliberate, intentional, and malicious and caused injury to the Plaintiff.  Defendants intended the consequences of their actions.

Plaintiff has established by a preponderance of the evidence this indebtedness is nondischargeable pursuant to Sections 523(a)(4) and 523(a)(6) of the Bankruptcy Code. Judgment is due to be entered in favor of Plaintiff and against Defendants.

*The State Court Judgment*

Plaintiff seeks a determination the debt arising out of the 2008 state court judgment is nondischargeable pursuant to 11 U.S.C. Section 523(a)(6).

Plaintiff has not established this judgment debt is separate and distinct from the $238,893.17 debt arising out of the sales out of trust discussed above. The judgment was obtained after Plaintiff knew of the out of trust sales, and it does not establish whether monies owed for out of trust sales are the basis for the breach of contract damages.

Plaintiff has not established the debt arising from the Florida state court judgment is nondischargeable, even if it is distinct from the debt arising out of the sales out of trust. The judgment (the only evidence of this debt presented by Plaintiff) is a pre-petition debt. It finds Florida Equipment and Defendants jointly and severally liable to Plaintiff for breach of contract, prejudgment interest, and attorney's fees and costs. It is not a tort judgment. It does not make any findings regarding Defendants' intentions when they breached their contractual obligations. It does not establish a viable claim under Section 523(a)(6).

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the relief sought in Plaintiff's Complaint (Doc. No. 1) is hereby **GRANTED** pursuant to 11 U.S.C. Sections 523(a)(4) and (a)(6); and it is further

**ORDERED, ADJUDGED and DECREED** that the indebtedness of $238,893.17 owed by Defendants to Plaintiff as damages for out of trust sales is

**NONDISCHARGEABLE** pursuant to 11 U.S.C. Sections 523(a)(4) and (a)(6); and it is further

    **ORDERED, ADJUDGED and DECREED** that the indebtedness of Defendants to Plaintiff arising out of the December 17, 2008 judgment of the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida is **DISCHARGEABLE** and has been **DISCHARGED** pursuant to 11 U.S.C. Section 727.

    A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this _13th_ day of February, 2013.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge